## Case No. 10,891.

### PECK v. MIAMI COUNTY et al.

#### [4 Dill. 370.] 1

#### Circuit Court, D. Kansas. 1876.

INDIAN TREATY—EXEMPTION OF LAND FROM TAXATION—DURATION OF EXEMPTION.

Lands patented to the Indian reservees, under the treaty with the Miami Indians, June 5, 1854 (10 Stat. 1092), are liable to be taxed by the state authority after the title has passed from the Indian reservee to a citizen.

[This was a bill in equity by Clarence I. Peck, against the board of county commissioners of Miami county, Charles Giller, clerk of said board, and others.]

On demurrer to the bill of complaint. The plaintiff seeks to enjoin the collection of certain taxes and for relief against tax sales already made. The bill and demurrer present the single question: Are the lands described in the bill, and which are the property of the plaintiff, who is a citizen of the United States, not an Indian, and which lands he acquired by regular and legal conveyances from Miami Indians, to whom the same were granted by treaty June 5, 1854, under such terms as not to be taxable while held by the Indians, taxable by the state of Kansas in the hands of the complainant? The treaty of June 5, 1854 (10 Stat. 1092), contains the following: "All selections herein provided for, shall, as far as practicable, be made in conformity with the legal subdivisions of the United States lands, and immediately reported to the agent of the tribe, with apt descriptions of the same, and the president may cause patents to issue to single persons or heads of families for the lands selected by or for them, subject to such restrictions respecting leases and alienation as the president or congress of the United States may impose; and the land so patented shall not be liable to levy, sale, execution, or forfeiture: Provided, that the legislature of a state within which the ceded country may be hereafter embraced, may, with the assent of congress, remove these restrictions." The bill is founded upon the proposition that this a condition or exemption annexed to the land, and runs with it, and passed to the complainant (a citizen of Illinois) by virtue of the conveyance of the land to him.

---

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

B. F. Simpson, for plaintiff.

James D. Snoddy and W. R. Wagstaff, for defendants.

DILLON, Circuit Judge. The only question in the case is whether lands patented to the reservees under the treaty with the Miami Indians of June 5, 1854 (10 Stat. 1092), are exempted from taxation under the authority of the state of Kansas, after the title has passed from the Indian patentee, and become vested in a citizen. The plaintiff is the owner of certain land by title derived from an Indian patentee under the treaty. The treaty contained a provision that the lands patented to the reservees "shall not be subject to levy, sale, execution, or forfeiture." It is settled that while these lands remained the property of the Indian reservees, they are exempt, by the true construction of the above clause in the treaty, from taxation by the state. Kansas Indians, 5 Wall. [72 U. S.] 760. Does this exemption continue after the Indian has aliened the lands to a citizen? This is the only question. It has been argued by counsel with marked ability, but I do not consider it necessary to discuss it in extenso. It has been thoroughly considered in the supreme court of Kansas (Commissioners of Miami Co. v. Brackenridge, 12 Kan. 114), and decided against the position on which the plaintiff's bill rests. True, the decision of that court on such a question has no authoritative weight here, but the reasons for its judgment are so well stated, and are so satisfactory to my mind, that I content myself with referring to the opinion of Brewer, J., as expressing the views which I have formed upon considering the arguments presented by the respective counsel in the case before me. The demurrer is sustained, and the bill dismissed.

Decree accordingly.

NOTE. See Mackey v. Coxe, 18 How. [59 U. S.] 100; Mungosah v. Steinbrook [Case No. 9,924]; Gray v. Coffman [Id. 5,714]; U. S. v. Payne [Id. 16,014].